IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WEST AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-15-250-C |
| JARED TODD, and CHELSEA TODD, | ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff issued an insurance policy on a 1997 Chevrolet Cavalier which was owned

by Defendant Jared Todd and his parents. The policy was issued in the State of Indiana,

where Mr. Todd and his parents resided. After Jared and Chelsea Todd were married, she

moved to Oklahoma in January of 2011, taking the Chevy Cavalier with her. Mr. Todd then

moved to Oklahoma to be with his wife. On March 4, 2011, Mrs. Todd was driving the

Cavalier with Mr. Todd as a passenger, and they were involved in a motor vehicle collision

with an on-duty City of Moore police officer. Defendants then sought the underinsured

motorist ("UM") benefits from the policy issued by Plaintiff. However, because the vehicle

driven by the City of Moore police officer was insured under a governmental or self-insured

policy, certain provisions of the Indiana-issued policy precluded Defendants from receiving

UM benefits. Of import here is that if the insurance policy were governed by Oklahoma law,

those exclusions would be contrary to Oklahoma's public policy and therefore would not

prevent payment of UM benefits. As a result, Plaintiff filed the present action seeking a declaratory judgment that Indiana law, rather than Oklahoma law, governed the UM issue.

Plaintiff has now filed a Motion for Summary Judgment seeking entry of judgment on the choice of law issue. Defendants object to Plaintiff's Motion, arguing that it should be denied. Defendants request the Court to issue an order stating that the policy should be determined in accordance with the laws of the State of Oklahoma as the Cavalier was principally garaged in Oklahoma and coverage was extended into Oklahoma. Alternatively, Defendants request the Court to deny Plaintiff's Motion because the effect of the provision is contrary to Oklahoma's public policy.

Defendants' arguments fail by operation of the specific choice of law provision in the Oklahoma statutes applicable to UM. 36 Okla. Stat. § 3636(A) states:

> No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be issued, delivered, renewed, or extended in this state with respect to a motor vehicle registered or principally garaged in this state unless the policy includes the coverage described in subsection B of this section.

Focusing on the last portion of this statute, the parties spend a significant portion of their briefs arguing whether or not the vehicle was principally garaged within the State of Oklahoma. However, the Court finds that issue is not dispositive. Rather, the earlier language of the statute controls here; that is, the policy was not "issued, delivered, renewed, or extended" in the State of Oklahoma. As Exhibit 1 to Plaintiff's Motion for Summary Judgment makes clear, all of the renewals were issued in the State of Indiana, not Oklahoma.

This includes the renewal which occurred in February of 2011. Even accepting Defendants' argument that the vehicle was principally garaged in Oklahoma at the time of that renewal, Oklahoma law would not control because that renewal was not "in this state." The renewal documents establish they were issued and the insurance contract was renewed in Indiana.

The Oklahoma Supreme Court addressed § 3636 in Bernal v. Charter County Mutual Insurance Co., 2009 OK 28, 209 P.3d 309, noting the underlying policy issues governing application of the statute in ¶ 17 of that case: "*[n]either UM benefits contracted and paid for pursuant to Oklahoma law are implicated here nor were any benefits due under our law either denied or diminished*" (emphasis original). The same is true in the present case. To permit Defendants to recover under Oklahoma UM law would provide them benefits greater than that for which they contracted with Plaintiff. Conversely, enforcing the terms of the policy that was issued to Defendants would grant both parties precisely the contractual rights for which they negotiated and ultimately paid. Thus, neither party would receive a windfall by virtue of applying Oklahoma law rather than Indiana law.

Defendants alternatively argue that application of Indiana law would violate a clearly expressed public policy intended to apply to insurance policies in Oklahoma. This argument also fails because the public policy of Oklahoma is implicated only if benefits were contracted for but not paid. Bernal, 2009 OK 28, ¶ 17, 209 P.3d at 317; and see O'Farrell v. State Farm Mut. Auto. Ins. Co., No. 12-CV-0633-CVE-TLW, 2013 WL 3820082, at *6 (N.D. Okla. July 24, 2013) ("there is no language in § 3636 suggesting that every automobile

3

insurance policy must meet the requirements of Oklahoma law merely because its coverage territory includes Oklahoma."

Therefore the Court declares: (1) that the validity, interpretation, application and effect of the provisions of the Policy should be determined in accordance with the law of Indiana, which is the state in which the contract was made between Jared Todd and West American; (2) that, at the time of the accident and pursuant to the *lex loci contractus* rule applicable in Oklahoma, the law of Indiana should apply to the validity, interpretation, application and effect of the provisions of this Policy, as no public policy of Oklahoma is violated or at issue by applying Indiana law to this Policy since the Todds were not insured under an Oklahoma policy, no uninsured/underinsured motorists benefits contracted and paid for pursuant to Oklahoma law are implicated, and no uninsured/underinsured motorists benefits due under Oklahoma law would be denied or diminished by applying Indiana law; (3) that by its own terms, Oklahoma's uninsured/underinsured motorists statute, 36 Okla. Stat. § 3636(A), applies solely to a policy "issued, delivered, renewed, or extended in this state with respect to a motor vehicle registered or principally garaged in this state. . . ."; and that under the *lex loci contractus* rule applicable in Oklahoma, the law of Indiana should apply to the validity, interpretation, application and effect of the provisions of the Policy, as no state has a more significant relationship to the subject matter and parties than Indiana since the Todds did not notify West American of any move out of Indiana before the accident, the vehicle was registered in Indiana at the time of the accident, the Policy was

priced and produced based on the representation that the vehicle was principally garaged in Indiana, and, in any event, the location of the vehicle does not attain greatest significance.

Plaintiff additionally seeks a declaration that under Indiana law there is no uninsured or underinsured motorist insurance coverage for the Todds in this matter based on (1) the self-insurer and governmental unit exclusions by which the Moore police car is excluded from the Policy definitions of an "uninsured motor vehicle" and "underinsured motor vehicle" and/or (2) the Policy language that limits liability by allowing a set-off of the uninsured and underinsured limits against the $125,000.00 governmental immunity cap owed by the City of Moore and/or City of Moore Police Department. That issue was not raised in the current Motion and the Court offers no ruling on the issue.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment on Choice of Law (Dkt. No. 17) is GRANTED. A separate judgment will issue at the conclusion of the case.

IT IS SO ORDERED this 6th day of January, 2016.

ROBIN J. CAUTHRON
United States District Judge